**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**STACY FULLER, 06-B-2675,**

                              **Plaintiff,**                  **06-CV-00033(Sr)**

**v.**

**MICHAEL RANNEY, et al.,**

                              **Defendants.**

---

## **DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #38.

Currently before the Court is plaintiff's motion for rehearing pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure on the ground that discovery he received from defendants was not filed with the Court and was not, therefore, before the Court for consideration with respect to defendants' motion for summary judgment.[1] Dkt. ##89-90.

---

[1] These documents consist of defendant July's responses to plaintiff's demand for interrogatories; defendant July's responses to plaintiff's requests for admission; defendant Michael Ranney's responses to plaintiff's interrogatory demands; defendant Ranney's responses to plaintiff's requests for admission; defendant Ranney's responses to plaintiff's demand for production of documents; suicide procedures at the Erie County Holding Center and Erie County Correctional Facility; defendant Michael Ranney's responses to plaintiff's demand for production of documents; defendant Joseph's responses to plaintiff's interrogatory demands; and defendant Joseph's responses to plaintiff's demand for interrogatories. Dkt. #89.

Setting aside any procedural issues with regard to plaintiff's motion, the Court has reviewed the documents submitted by plaintiff and discerns no basis to disturb its determination of the motions for summary judgment. Nothing in the defendants' discovery responses contradicts the Court's finding that

> Plaintiff's claim amounts to nothing more than a disagreement with the treatment he received and his insistence that he be prescribed certain medications. Without more, plaintiff's disagreement with the medical treatment he received does not rise to the level of a violation of his Eighth Amendment rights.
>
> * * *
>
> Based on the record before this Court, plaintiff cannot satisfy either the objective or the subjective prong sufficient to establish an Eighth Amendment violation. Even assuming *arguendo* that plaintiff's alleged injuries do meet the objective component of an Eighth Amendment violation, the actions taken by defendants Ranney, Joseph and Van Woert do not represent deliberate indifference to those injuries. Plaintiff's mental health and medical records unequivocally establish that plaintiff was repeatedly evaluated and treated. Moreover, other than his own opinion, plaintiff has not submitted any evidence in admissible form to establish that prior to late June 2006 his mental condition warranted the prescription of Celexa or any other medication.

Dkt. #87, p.23. Therefore, plaintiff's motions for reconsideration (Dkt. ##89-90), are denied.

**SO ORDERED.**

DATED:    Buffalo, New York
January 24, 2011

      H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**